* * * * * * * * * * *
The undersigned have reviewed the prior Opinion and Award based upon the record of the proceedings before Deputy Commissioner Harris and the briefs and arguments of the parties. The appealing party has not shown good ground to reconsider the evidence, receive further evidence, rehear the parties or their representatives, or amend the Opinion and Award except with minor modifications.
 * * * * * * * * * * *
The Full Commission finds as fact and concludes as matters of law the following, which were entered into by the parties at the hearing before the Deputy Commissioner as:
 STIPULATIONS
1. All parties are properly before the North Carolina Industrial Commission, and the North Carolina Industrial Commission has jurisdiction of the parties and the subject matter. *Page 2 
2. At all times relevant to this claim, an Employer-Employee relationship existed between Rob Dickerson and Kee Builders, Inc.
3. Kee Builders, Inc. is insured by Builders Mutual Insurance Company.
4. Plaintiff's average weekly wage is $224.98.
5. The following documents were accepted into evidence as stipulated exhibits:
 a. Exhibit 1: Executed Pre-Trial Agreement;
 b. Exhibit 2: Industrial Commission Forms, plaintiff's medical records and vocational rehabilitation records, and plaintiff's primary school records
6. The following documents were accepted into evidence as defendants' exhibits:
 a. Exhibit 1: Photograph of plaintiff operating weedeater;
 b. Exhibit 2: Photograph of plaintiff operating weedeater
 * * * * * * * * * * *
Based upon all of the competent evidence of record and reasonable inferences flowing therefrom, the Full Commission makes the following:
 FINDINGS OF FACT
1. Plaintiff worked for defendant-employer as a construction laborer.
2. On January 20, 2006, plaintiff was helping to wrap a house when the wrap was caught by the wind, lifting plaintiff off the roof of the house and dropping him to the ground from a height of about 12 feet.
3. Plaintiff broke his left ankle in the fall. Defendants accepted the left ankle injury and provided medical treatment and indemnity compensation.
4. Plaintiff began treating with Dr. Lawrence N. Larabee, Jr. on January 24, 2006 for his left ankle injury. On January 25, plaintiff underwent an open reduction internal fixation *Page 3 
procedure with Dr. Larabee for his left ankle. Plaintiff then followed up with Dr. Larabee for seven visits through June 15, 2006, when Dr. Larabee pronounced plaintiff to be at maximum medical improvement for his left ankle injury. Plaintiff did not complain of back pain during any of his visits with Dr. Larabee between January and June 2006.
5. In April 2006, plaintiff participated in a psychological evaluation and made no mention of back pain during this evaluation.
6. Plaintiff filed a Form 18 dated May 23, 2006, listing injuries to his left lower extremity and back.
7. Also in May 2006, plaintiff applied for Social Security Disability and made no mention of back complaints in his application for benefits.
8. On July 11, 2006, almost 6 months after the injury by accident, plaintiff first mentioned to Dr. Larabee that he was experiencing low back pain. Plaintiff told Dr. Larabee that his back had been bothering him since the January 20, 2006 fall. Plaintiff also complained of intermittent bilateral great toe numbness and bilateral hand numbness and weakness. Dr. Larabee eventually diagnosed plaintiff with degenerative disc disease and left carpal tunnel syndrome.
9. On August 8, 2006, Dr. Larabee evaluated plaintiff and noted that plaintiff complained of back pain that had begun in June 2006. Dr. Larabee released plaintiff to return to work at full duty with no restrictions and assigned a 6% permanent partial impairment rating to plaintiff's left ankle.
10. Following the full-duty release, defendant-employer offered plaintiff his former position, but plaintiff turned it down. *Page 4 
11. Plaintiff admits, however, that he has earned money by cutting grass since the spring of 2006. Plaintiff can work for about an hour and then takes a 10-minute break.
12. Dr. Larabee is a board-certified orthopedic surgeon. As he testified, plaintiff's fall did not cause his degenerative disc disease or his left carpal tunnel syndrome. Dr. Larabee testified that the fall could have aggravated pre-existing conditions in plaintiff's back and/or left hand, but he did not testify that the fall more likely than not aggravated either condition.
13. On or about August 15, 2006, following Dr. Larabee's full-duty release, defendants filed a Form 24 Application, seeking to terminate TTD payments on the basis of the full-duty release. On that date, defendants also filed a Form 61 denying the back claim. The Form 24 Application was denied.
14. On or about September 26, 2006, plaintiff filed a Form 18M, seeking medical treatment for his back and left hand.
 * * * * * * * * * * *
Based upon the foregoing stipulations and findings of fact, the Full Commission reaches the following:
 CONCLUSIONS OF LAW
1. Plaintiff has not carried his burden to show that he sustained a compensable back injury and/or left hand condition as a result of the January 20, 2006 fall. Specifically, the testimony of Dr. Larabee does not establish that plaintiff's back and/or left hand symptoms are more likely than not related to said fall. N.C. Gen. Stat. § 97-2(6).
2. Regarding the Form 18M, plaintiff has not shown at this time that further medical treatment is reasonably required to effect a cure, provide relief and/or lessen the period of disability for his compensable left ankle injury. Also, because his back and left hand conditions *Page 5 
are not compensable, plaintiff's Form 18M should be denied. N.C. Gen. Stat. §§ 97-2(19), 97-25 and 97-25.1.
3. Defendants are entitled to terminate temporary total disability payments to plaintiff. They have made a sufficient showing because of Dr. Larabee's full-duty release, defendant-employer's offer to plaintiff to return to his old position, and plaintiff's having earned money cutting grass since sustaining his compensable injury. Harrington v.Adams-Robinson Enterprises, 349 N.C. 218 (1998).
4. Defendants are entitled to a credit for the full amount of temporary total disability payments they have paid plaintiff since August 15, 2006, the date on which they filed their Form 61 denying plaintiff's back claim. N.C. Gen. Stat. § 97-42.1.
 * * * * * * * * * * *
Based upon the foregoing findings of fact and conclusions of law, the Full Commission enters the following:
 ORDER
1. Plaintiff's Form 18M Application must under the law be, and hereby is, DENIED.
2. Defendants may immediately terminate temporary total disability payments to plaintiff.
3. Defendants SHALL receive full credit for all temporary total disability payments they have made to plaintiff since August 15, 2006, said credit to be applied against any award to which plaintiff may be entitled for PPD compensation.
4. Each side shall bear its own costs. As part of their costs, if they have not already done so, defendants shall pay an expert witness fee to Dr. Larabee of $510.00 or the amount actually billed, whichever is less. *Page 6 
This the 18th day of December 2007.
S/______________________ DIANNE C. SELLERS COMMISSIONER
CONCURRING:
 S/______________________ LAURA KRANIFELD MAVRETIC COMMISSIONER
 S/______________________ PAMELA T. YOUNG CHAIR *Page 1